UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | Case No. 1:04-CR-489 |
| : | Case No. 1:15-CV-02452 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Docs. 76, 79, 80] |
| DEMETRIUS PRUITT, : | |
| : | |
| Defendant. : | |
| : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Demetrius Pruitt petitions for habeas corpus relief under 28 U.S.C. § 2255. He argues that he was improperly sentenced under the Armed Career Criminals Act ("ACCA") because his two convictions for abduction should not qualify for the ACCA enhanced sentence.[1] For the following reasons, the Court **GRANTS** Defendant Pruitt's petition.

## I. Background

On September 29, 2004, the United States indicted Defendant Demetrius Pruitt for being being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and with possession with intent to distribute a mixture containing cocaine base, in violation of 21 U.S.C. § 21 U.S.C. § 841(a)(1) and (b)(1)(C).[2]  Pruitt pled guilty on March 25, 2005.[3]

---

[1] Doc. 76. The Government opposes. Doc. 79. Defendant Pruitt replied. Doc. 80.
[2] Doc. 1.
[3] Doc. 64.

Case No. 1:04-CR-489
Gwin, J.

In his plea agreement, Defendant Pruitt agreed that he qualified for sentencing under the Armed Career Criminals Act ("ACCA").[4] Under the ACCA, a defendant faces a fifteen-year mandatory minimum sentence if he is convicted of being a felon in possession of a firearm and has three or more prior convictions for a violent felony or serious drug offense.[5] Pruitt's pre-sentence report ("PSR") identified four possible predicate offenses:

1. Attempted Felonious Assault, Ohio Revised Code §§ 2923.02(A), 2903.11(A)(1), Lorain County Common Pleas Court Case No. 98-CR-051534;
2. Two counts of Abduction, Ohio Revised Code § 2905.02(A)(1), Lorain County Common Pleas Court Case Nos. 97-CR-051317 and 95-CR-048211; and
3. Burglary, Ohio Revised Code § 2911.12, Lorain County Common Pleas Court Case No. 25335.

Based on these predicate convictions, the Court sentenced Pruitt to the ACCA's 180-month mandatory minimum and four years of supervised release.[6] Pruitt appealed on April 20, 2005.[7] The Sixth Circuit denied Pruitt's appeal on September 18, 2006,[8] and the U.S. Supreme Court denied Pruitt's petition for a writ of certiorari on March 28, 2007.[9]

The Supreme Court's recent *Johnson v. United States*[10] opinion raises questions whether certain prior felonies can be counted as ACCA "violent felonies." *Johnson* applies retroactively to habeas claims challenging ACCA-enhanced sentences.[11]

On November 30, 2015, Pruitt filed this writ of habeas corpus.[12] He argues that after *Johnson*, he no longer has two violent felony predicate offenses. Thus, his sentence under the ACCA was unconstitutional, and he must be resentenced.[13]

---

[4] *Id*. at 4. In his plea agreement, Pruitt also agreed that he qualified for the career offender enhancement under the United States Sentencing Guidelines §§ 4B1.1, 4B1.4. *Id*. He does not challenge that classification at this time.
[5] 18 U.S.C. § 924(e)(1).
[6] Doc. 67.
[7] Doc. 66.
[8] Doc. 73.
[9] Doc. 75.
[10] ___ U.S. ___, 135 S.Ct. 2551 (2015).
[11] *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016).
[12] Doc. 76.
[13] *See id*.

-2-

Case No. 1:04-CR-489
Gwin, J.

## II. Legal Standard

Title 28 United States Code Section 2255 gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[14]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[15]

Pruitt alleges a defect of a constitutional magnitude. Namely, he alleges that he no longer has three predicate "violent felonies" to support an ACCA sentence in light of *Johnson*.

## III. Analysis

Until recently, the Armed Career Criminals Act defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"[16]

The first prong is called the use-of-force clause. The first part of the second prong is called the enumerated clause. And the second part of the second prong, emphasized above, is called the

---

[14] 28 U.S.C. § 2255(a).
[15] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[16] 18 U.S.C. § 924(e)(2)(B) (emphasis added).

-3-

Case No. 1:04-CR-489
Gwin, J.

residual clause.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, finding the residual clause was unconstitutionally vague.[17] The residual clause "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges."[18] If a sentencing court imposed an increased sentence based on felonies that qualified under the residual clause alone, that sentence violated a criminal defendant's constitutional right to due process.[19]

*Johnson* is applied retroactively. Therefore, a criminal defendant can collaterally challenge his sentence under the ACCA in a § 2255 habeas proceeding.[20]

In light of *Johnson*, petitioners are asking this Court—and federal courts all over the country—to analyze whether previous residual clause predicate convictions are still predicate offenses under either the use-of-force clause or the enumerated offenses clause.

Defendant Pruitt concedes that his attempted felonious assault conviction remains a predicate offense after *Johnson*.[21] The government concedes that Pruitt's burglary conviction does not satisfy the use-of-force or enumerated offenses test.[22] Thus, only Pruitt's abduction convictions are at issue here. Because abduction does not fall under the enumerated clause,[23] it must fall under the use-of-force clause to remain a predicate offense.

For a conviction to fall under the use-of-force prong, the underlying statute must necessarily entail "the use, attempted use, or threatened use of physical force against the person of another." So long as the statute only punishes conduct involving the use or attempted use of

---

[17] __ U.S. __, 135 S. Ct. 2551 (2015).
[18] *Id.* at 2557.
[19] *Id.*
[20] *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016).
[21] *See* Doc. 76 at 3 (Defendant Pruitt challenging only three of his prior four convictions).
[22] Doc. 79 at 3.
[23] Abduction is not mentioned in the enumerated clause under the ACCA.

physical force, the statute does not need to expressly mirror the language of the use-of-force clause.

Consider a non-divisible statute that punishes a wide array of conduct, some of which involves the use or threatened use of physical force, and some of which would not. Unless divisible, this statute could not be a predicate felony under the ACCA's use-of-force clause. The scope of the prohibited conduct is broader than the ACCA standard. "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than" a statute which had the exact language of the use-of-force clause.[24]

What, then, is "physical force"? The Supreme Court provided additional guidance in its 2010 *Johnson v. United States* decision ("*Johnson* (2010)").[25] There, the Supreme Court analyzed the fit between the ACCA's use-of-force clause and the Florida battery statute—which criminalized "actually and intentionally touch[ing] or strik[ing] another person against [his] will.[26] The Florida battery statute criminalized even the most "nominal contact" such as a "tap on the shoulder without consent."[27]

In *Johnson* (2010), the Government argued that this nominal contact was sufficient force because the use-of-force clause was analogous to common law battery, which criminalized the "merest touch."[28] The Supreme Court rejected this broad approach, holding that "physical force" as used in the ACCA means "violent force—that is, force capable of causing physical pain or injury to another person."[29] Moreover, the term physical "plainly refers to force exerted by and through concrete bodies—distinguishing physical force from, for example, intellectual force or

---

[24] *Descamps v. United States,* ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013).
[25] 559 U.S. 133 (2010) (the case is unrelated to the 2015 *Johnson* opinion).
[26] *Id.* at 133 (quoting Fla. Stat. § 784.03(1)(a)).
[27] *Id.* at 138.
[28] *Id.* at 141.
[29] *Id.* at 140.

Case No. 1:04-CR-489
Gwin, J.

emotional force."[30] The Court concluded that Florida's battery statute could not be a predicate offense under the use-of-force clause because punishing "nominal contact" was broader than the use-of-force clause.

With this background, the Court addresses Defendant Pruitt's abduction convictions.

The PSR identifies Pruitt's 1995 and 1997 abduction convictions under Ohio Revised Code § 2905.02(A)(1) as ACCA predicate offenses.[31] At the time of Pruitt's conviction, Ohio Rev. Code § 2905.02(A)(1) defined abduction as:

> (A) No person, without privilege to do so, shall knowingly do any of the following:
>
> > (1) By force or threat, remove another from the place where he is found . . . .[32]

The Sixth Circuit has not yet addressed whether Ohio Rev. Code § 2905.02(A)(1) remains a predicate offense after *Johnson*. The key question here is whether removing someone from a place "by force or threat" necessarily implicates the "use, threatened use, or attempted use of physical force." This Courts finds that it does not.

Under Ohio law, "force" is "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."[33] While the Ohio code does not define "threat," Ohio's pattern jury instructions define it as "a (statement) (conduct) (describe other means of communication), whether direct or indirect, exerting pressure sufficient to (overcome the will of another) (make another fearful or apprehensive of injury or harm)."[34]

Ohio's abduction statute would be a crime of violence if it could be accomplished only by "force." In *United States v. Mansur*, the Sixth Circuit addressed whether a robbery conviction

---

[30] *Id.* at 138.
[31] Doc. 76 at 4; Doc. 79 at 5 n.6.
[32] Ohio Rev. Code § 2905.02. This definition was in effect at the time of Pruitt's convictions.
[33] Ohio Rev. Code § 2901.01(A)(1).
[34] 2 OJI-CR 505.02, Abduction O.R.C. § 2905.02.

Case No. 1:04-CR-489
Gwin, J.

under Ohio Revised Code § 2902.02(A)(3) was a predicate offense under the use-of-force clause.[35] Although the decision was pre-*Johnson* and addressed a different Ohio statute, the decision addressed Ohio's definition of "force" and applies here.

The Sixth Circuit found that Ohio Rev. Code § 2902.02(A)(3), defined as "[u]se or threaten the immediate use of force against another," is a predicate offense under the ACCA's use-of-force.[36] The court found inclusion of the word "force" particularly significant.[37]

Given that analysis, "remov[ing] another from the place where he is found" by "force" satisfies the ACCA use-of-force prong. But, because abduction can be committed by "threat" rather than "force," subsection (A)(1) of Ohio's abduction statute is broader than the ACCA's use-of-force clause.

Under Ohio's definition of "threat," a threat can be a mere statement or "other means of communication."[38] That definition does not limit the threat to a threat of physical force against another—it simply requires "exerting pressure sufficient to overcome the will of another,"[39] which could be done through verbal communication alone. The Supreme Court's *Johnson* (2010) opinion distinguishes physical force from "intellectual force or emotional force," the latter being insufficient to meet the ACCA's use-of-force prong.[40]

---

[35] 375 F. App'x 458 (6th Cir. 2010).
[36] *Id.* at 464.
[37] *Id.* The court wrote:

> The crime of robbery requires as an element that the person shall use or threaten the immediate use of force against another. The applicable 1988 provision of the Ohio Revised Code defined "force" to mean, "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Ohio Rev.Code Ann. § 2901.01. Therefore, the crime of robbery clearly has as an element the use, attempted use, or threatened use of physical force against another person. Similarly, the crime of attempted robbery also has as an element of the offense the use, attempted use, or threatened use of physical force against another person. *Id.* at 464.

[38] 2 OJI-CR 505.02, Abduction O.R.C. § 2905.02.
[39] *Id.*
[40] *See Johnson* (2010), 559 U.S. at 138.

-7-

Case No. 1:04-CR-489
Gwin, J.

Therefore, because Defendant Pruitt's two abduction convictions under Ohio Rev. Code § 2905.02(A)(1) no longer qualify as predicate offenses, he is eligible for resentencing.[41]

### IV. Conclusion

For the reasons stated in this opinion, this Court finds that Pruitt is no longer subject to the ACCA mandatory minimum. The Court **GRANTS** Pruitt's petition.

The Court will schedule Pruitt for resentencing.

IT IS SO ORDERED.

Dated: January 25, 2017               *s/         James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

---

[41] *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016).